FILED
FEB - 8 2007
CLERK, US DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES OF AMERICA,**

**v.** **Docket No.:2:07MJ47**

**Dennis J. Ferrio, Jr.**
**Defendant**

**RESTRICTED LICENSE ORDER**

On January 19, 2007, the defendant was convicted in this Court of driving under the influence in violation of Section 18.2-266 of the Code of Virginia (1950), as amended, (assimilated into federal law by 18 U.S.C., Section 13.

Under Sections 18.2-271 and 271.1 of the Code of Virginia (1950), as amended, (assimilated into federal law by 18 U.S.C., Section 13), defendant's conviction operates, *ipso facto*, to deprive the defendant of the privilege of driving or operating any motor vehicle within the Commonwealth of Virginia for a period of One (1) Year, but such suspension may be modified by the Court on condition that defendant enter an alcohol safety action program.

January 19, 2007 (the date of surrender of defendant's license), is the commencement date of the One (1) Year period for suspension of operating privileges.

Based on the foregoing, and provided that the defendant forthwith enters and diligently pursues to completion the Virginia Alcohol Safety Action Program (VASAP), the automatic suspension of defendant's operating privileges is modified to the extent that the defendant may operate a motor vehicle for any or all of the following purposes:

(a) travel to and from defendant's place of employment by the most direct route;

(b) travel to and from VASAP and other such places as VASAP directs in writing;

(c) travel during the hours of defendant's employment, but only if the operation of a motor vehicle is a necessary incident to such employment;

(d) travel to and from meetings with defendant's federal Probation Officer;

DF-145 (Rev. 01/07)

5

Defendant is not to operate a motor vehicle during the One (1) Year suspension period for any other purposes. Said modifications of the license suspension are based on the assumption that defendant otherwise possesses a valid operator's license issued by a state. Nothing in this order is intended to modify or in any way affect any administrative restriction which may have been administratively imposed on defendant's privilege to operate motor vehicles on military installations.

The Special Condition of probation heretofore imposed which prohibited the defendant from operating a motor vehicle is amended to permit operation of a motor vehicle in accordance with this Restricted License Order.

Defendant is advised to carry a copy of this order at all times while operating a motor vehicle, until the suspension period expires. This authority to operate a motor vehicle on this restricted permit expires when the suspension period expires. The defendant must obtain a valid operator's license from the appropriate office of the Division of Motor Vehicles upon expiration of the suspension in order to continue driving.

The Clerk shall transmit a copy of this order to the defendant, to defendant's United States Probation Officer, and to the Virginia Department of Motor Vehicles.

ORDER OF THE COURT

Considered and ordered this 7th day of February, 2007 and ordered filed and made a part of the records in the above case.

F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Recommended by:

Brett R. Riley
Brett R. Riley
U.S. Probation Officer

Place: Norfolk, Virginia
Date 2/6/07

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY
DEPUTY CLERK